**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| JOHN DAVID WHITE, | * | |
| Petitioner, | * | |
| v. | | Civil Case No.: GJH-17-47 |
| | * | Criminal Case No.: GJH-13-356 |
| UNITED STATES OF AMERICA, | | |
| | * | |
| Respondent. | | |
| | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

On December 16, 2014, Petitioner John David White was sentenced to 248 months in prison after a jury found him guilty of conspiracy to possess with intent to distribute cocaine and heroin, possession with intent to distribute cocaine and heroin, maintaining a drug-involved premises, and possession of a firearm in furtherance of a drug trafficking crime. ECF No. 72. After his direct appeal, White began filing motions collaterally attacking his conviction on Fourth, Fifth, and Sixth Amendment grounds. *See, e.g.*, ECF Nos. 135, 141, 143, 156, 157. On April 25, 2018, this Court issued a Memorandum Opinion and Order denying White's collateral motions but left his Fifth Amendment claim unresolved. ECF Nos. 171, 172. Since that date, White has filed a Motion to Reconsider, Alter, or Amend the Court's April 25, 2018 ruling. ECF No. 178.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons,

---

[1] White has also filed a Motion for Extension of Time to File for Reconsideration and Certificate of Appealability, ECF No. 173, a Second Motion for Extension of Time to File for Reconsideration and Certificate of Appealability, and Request for Copy Work, ECF No. 174, and a Motion for Writ of Mandamus, ECF No. 184. The Motions for Extension of Time will both be granted. The Motion for Writ of Mandamus will be denied as moot because the Court is now ruling on all pending motions in this case. The docket also reflects that White's Motion for Default Judgment, ECF No. 141, which the Court denied in its April 25, 2018 ruling, remains pending. The Court directs the Clerk to update the docket to reflect the previous resolution of that Motion.

White's Motion to Reconsider, Alter, or Amend is denied, and his Fifth Amendment claim is dismissed.

I.  BACKGROUND

   A. Factual Background

On May 28, 2013, law enforcement intercepted and opened a suspicious crate shipment. ECF No. 164 at 2.[2] Pursuant to a search warrant, officers opened the crate and found more than two kilograms of cocaine, in the form of two bricks, hidden inside a toaster oven. *Id.* The officers put the cocaine back in the crate, in order to investigate the intended delivery location. On May 29, 2013, a freight shipping company delivered the crate to Cheverly Self Storage. *Id.* The delivery driver put the crate in front of Storage Unit 4020, which was leased to White. *Id.* Later on May 29th, White arrived at the storage unit, unlocked it, pushed the crate inside, and closed the unit. *Id.* at 3. Officers took him into custody as he was attempting to leave the storage facility. *Id.* After waiving his *Miranda* rights, White spoke to the officers and admitted that he owned the storage unit. *Id.* In the early morning hours of May 30, 2014, the officers obtained search warrants for White's storage unit, vehicle, and residence. *Id.* They found shipping materials, a foil wrapper, digital scales, measuring spoons which had heroin residue on them, and 185 grams of heroin. *Id.* In his home, the officers found large amounts of cash, a pistol and bullets, and additional bags and scales which tested positive for heroin residue. *Id.* at 4.

Before trial, White raised the issue of a discrepancy in the search warrant and charging document that were issued for him, which were signed by Corporal Jones, and moved to suppress the results of the searches. The charging document and statement of probable cause are both dated May 29, 2013, and time stamped "18:25." ECF No. 158-1. The documents describe

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

the search that officers performed of White's storage unit, although the search warrant was not obtained until the early morning hours of May 30, 2013. *See id.* at 3–4. White argued that this indicated that officers had searched his storage unit and vehicle on May 29th, before they obtained a search warrant. At the pretrial motions hearing, Officers Margulis and Ermer testified regarding the search of White's property. Both officers were present at White's storage unit when he was stopped by law enforcement on May 29, 2013. ECF No. 98 at 6, 39. Both officers testified that no one searched White's property until a search warrant was obtained around 1:15 a.m. on May 30, 2013. *Id.* at 10, 46–47. Regarding the date on the charging document and statement of probable cause, Officer Margulis testified that this was produced through an automated system, which transferred the times and dates from an individual's arrest report to the statement of charges. *Id.* at 16. Therefore, the descriptive content on the charging document and statement of probable cause may postdate the date and time stamp on the document, where additional details were added at a later time. *Id.*

Judge Titus[3] denied White's pretrial motion to suppress, finding Officers Margulis and Ermer to be "coherent, rational, [and] credible." *Id.* at 74. He credited their testimony that "the search of the storage locker did not take place until after 1:00 in the morning" after the officers had received a search warrant. *Id.* at 83. Judge Titus deemed the date discrepancy of one day as "such a minor matter" and denied White's motion to suppress. *Id.* at 85. At trial, White again argued to the jury that his storage unit had actually been searched on May 29, 2013. ECF No. 124 at 181. In addition to Officers Margulis and Ermer's testimony, the jury heard from Corporal Jones, who had completed and signed the charging document; he testified that the date and time stamps on the charging document were automatically generated when the booking process was

---

[3] The case was transferred to this Court from Judge Titus on July 1, 2014. ECF No. 46.

initiated and did not mean that all events described on the document occurred prior to the date and time stamps. ECF No. 131 at 103–5. The jury found White guilty on all counts. ECF No. 71.

### B. Procedural Background

On December 16, 2014, the Court sentenced White to 248 months of imprisonment. ECF No. 116. White appealed his sentence, which was affirmed on February 10, 2016. ECF No. 133. Since then, White has filed a number of motions with the Court in an attempt to vacate his conviction and procure a new trial. The motions repeatedly raise the same arguments that his Fourth, Fifth, and Sixth Amendment rights were violated during the course of the criminal proceedings. *See, e.g.*, ECF Nos. 135, 141, 143, 146, 156, 157. On April 25, 2018, the Court issued a Memorandum Opinion and Order denying the various motions and dismissing all of White's claims; the ruling left unresolved, however, White's Fifth Amendment due process claim that the Government unconstitutionally relied on Corporal Jones' allegedly perjured testimony in obtaining the indictment and conviction. ECF Nos. 171, 172.

On June 28, 2018, White filed a Notice of Appeal of the Court's April 25, 2018 ruling. ECF No. 175. On July 9, 2018, White filed a Motion to Reconsider, Alter, or Amend the Court's April 25, 2018 ruling. ECF No. 178. Although styled as a motion for reconsideration, the Motion actually asks the Court to rule on the unresolved Fifth Amendment due process claim. *Id.* On March 4, 2019, the United States Court of Appeals for the Fourth Circuit dismissed White's appeal on the ground that it was interlocutory because this Court had yet to rule on the Fifth Amendment due process claim. ECF No. 179. The Fourth Circuit remanded the case to this Court to resolve that claim. *Id.*

## II. STANDARD OF REVIEW

Although White's Fifth Amendment claim has been presented in a number of different forms, White essentially asks the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 based on the alleged due process violations. In order to be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *see also United States v. Moore*, 993 F.2d 1541 (4th Cir. 1993) (unpublished) (citing *Vanater v. Boles*, 377 F.2d 898 (4th Cir. 1967)). A *pro se* petitioner is, of course, entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Fifth Amendment Violation

White contends that the Government relied on allegedly perjured testimony from Corporal Jones in procuring White's indictment and conviction, and that, as a result, his conviction and sentence should be vacated and he should be granted a new trial. ECF No 178.

Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows "actual innocence" or "cause and prejudice." *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). White's argument that the Government relied on perjured testimony in procuring his indictment and conviction has

5

been litigated heavily as a Fourth Amendment challenge, but it was never raised on appeal in the context of a Fifth Amendment challenge. White is therefore procedurally barred from raising this argument in a collateral attack unless he can show "actual innocence" or "cause and prejudice."

"To establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)) (internal quotations omitted). The petitioner "must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999). Here, White does not appear to make any claim of actual innocence and the Court cannot conclude on the record that "it is more likely than not that no reasonable juror would have convicted him." *See Bousley*, 523 U.S. at 623. He therefore cannot show "actual innocence" in order to overcome procedural default.

Nor can White show "cause and prejudice." To establish "cause" for failure to raise a claim on direct appeal, the petitioner must point to "some objective factor external to the defense" that prevented him from raising the claim at the appropriate time. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). "Cause" does not exist when a "reasonably diligent search" would have revealed the facts underlying the claim nor does it exist where counsel simply failed to consider an argument. *See Rose v. Lee*, 252 F.3d 676, 687–88 (4th Cir. 2001). Assuming the petitioner can establish "cause," he must also establish "prejudice" by showing that the claimed errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Here, White's counsel's simple failure to argue that any alleged perjury was a Fifth

Amendment violation, especially when counsel made extensive arguments that the same facts constituted a Fourth Amendment violation, cannot establish cause because it is not "some objective factor external to the defense."[4] Moreover, White's Fifth Amendment arguments are based on information produced during discovery, provided in open court, or otherwise available upon a reasonably diligent search, so he cannot show that some external factor prevented him from raising the claim on direct appeal. Because he cannot show actual innocence or cause and prejudice, White has procedurally defaulted on his Fifth Amendment due process claim and it must be dismissed.

### B. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the court denies the petitioner's motion for procedural reasons, a petitioner satisfies this standard by demonstrating that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find the Court's procedural ruling debatable, no certificate of appealability will issue.[5]

---

[4] Nor does this rise to the level of ineffective assistance of counsel, especially considering White's counsel used the alleged perjured testimony to make Fourth Amendment arguments at the pre-trial, trial, and direct appeal stages of the litigation. This was a reasonable strategy decision that does not amount to deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) (stating that a "defendant must show that counsel's representation fell below an objective standard of reasonableness" in order to succeed on an ineffective assistance of counsel claim).
[5] White may still request a certificate of appealability from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2253(c)(1); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## IV. CONCLUSION

For the foregoing reasons, White's Motion to Reconsider, Alter, or Amend is denied, and his Fifth Amendment due process claim is dismissed.[6] A separate Order shall issue.

Date: October 23, 2019                   /s/
                                         GEORGE J. HAZEL
                                         United States District Judge

---

[6] The Court's April 25, 2018 ruling on the merits of White's other constitutional claims and the denial of a certificate of appealability as to those claims still stands.